J-S13012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :             PENNSYLVANIA
                                          :

                 v.                       :
                                          :

LARRY J DEAN                 :
                                          :

            Appellant         :    No. 667 WDA 2018

Appeal from the Judgment of Sentence April 9, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000571-2017

BEFORE:   BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

CONCURRING STATEMENT BY OTT, J.:      **FILED SEPTEMBER 26, 2019**

I agree with President Judge Emeritus Bender's conclusion that Dean is not entitled to relief regarding the denial of his earlier request for a continuance. However, I disagree that the trial court properly denied the continuance request regarding the desire to have an additional mental health evaluation. Nonetheless, I believe that error proved harmless.

A mental health expert, Dr. Louis S. Martone, examined Dean and could not arrive at a medically conclusive opinion that Dean was competent to stand trial. Dr. Martone recommended additional formal neurological testing.

The trial court denied that request, based in large part on Dean's responses to a colloquy explaining his decision not to attend *voir dire*. The trial court determined that the symptoms Dean related, "did not stem from

_____

[*] Retired Senior Judge assigned to the Superior Court.

the sort of psychological disorder that may render one unable to aid in his own defense." Trial Court Opinion at 2. The basis for this is unclear. Without knowing this basis, the trial court's determination appears to be an unsupported lay medical opinion.

Additionally, the trial court defended the ruling based upon its observations of Dean during trial. I believe it is inappropriate in the instant circumstance to justify a ruling denying a mental health continuance request on facts that were unknown at the time of the ruling.

However, the trial court's observations of Dean during the trial are relevant to the determination as to whether Dean suffered prejudice from the improper denial of his mental health continuance request. Here, the trial court noted, "[e]ven throughout four very long and arduous days of trial, … [Dean] showed no signs of incompetency such that a continuance was necessary to allow for additional testing beyond Dr. Martone's evaluation." Trial Court Opinion at 2.

I believe Dr. Martone's inability to provide a conclusive medial opinion was sufficient cause to allow for a continuance for additional neurological testing. While the trial court's trial observations do not operate to justify the denial of that request, after the fact, I do believe the observations provided sufficient evidence to show Dean suffered no resulting prejudice. Therefore, I would conclude the error was harmless.

In light of the foregoing, although I differ with Judge Bender's reasoning, I agree that Dean is not entitled to relief.